COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:  In the Interest of K.L.W., a Child

Appellate case number: 01-18-00485-CV

Trial court case number: 2017-02559J

Trial court:     314th District Court of Harris County

On December 5, 2018, the Court affirmed the trial court's final decree for termination in a suit brought by the Department of Family and Protective Services, terminating the parental rights of appellants, R.D.W., father, and B.B.C., mother. The Court's judgment also issued December 5, 2018. Appellants filed a motion for rehearing and motion for en banc reconsideration of the Court's December 5, 2018 opinion, both of which were denied on December 20, 2018.

Intermediate appellate courts, such as this Court, retain plenary power over an appeal for a period of: (1) sixty days after its judgment is entered if no timely filed motion for rehearing or motion for en banc reconsideration is filed, or (2) thirty days after the appellate court overrules all timely filed motions for rehearing or motions for en banc reconsideration. *See* TEX. R. APP. P. 19.1. Generally, once an intermediate appellate court's plenary power expires, it lacks jurisdiction to take any action in an appeal. *See Nunu v. Risk*, 612 S.W.3d 645, 655 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (dismissing appeal for lack of jurisdiction where plenary power of intermediate appellate court expired).

Once an intermediate appellate court's plenary power expires, the appellate court's jurisdiction is limited to only those actions as prescribed in rule 19.3 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 19.3. As noted above, the Court issued the judgment in this appeal on December 5, 2018 and appellants' motion for rehearing and motion for en banc reconsideration were denied by the Court on December 20, 2018. Accordingly, the Court's plenary power over this appeal expired on January 22, 2019. *See* TEX. R. APP. P. 19.1(b).

On February 23, 2022, over three years after this Court's plenary power expired, appellant, R.D.W., presented a document to this Court in this cause. The document presented by R.D.W. includes a handwritten notation at the bottom of its first page,

appearing to identify the document as a "Motion for a Hearing to Appear to Explain to Plan or 'Scheme' how the Judgment was to be 'Obtained' or 'Procured'." On February 24, 2022, R.D.W. presented a document to this Court captioned an "Amended Motion to Re[c]all Mandates." On February 25, 2022, R.D.W. and B.B.C. jointly presented a document to this Court captioned a "Motion for Order for Court Directing the Clerk of the Court to Correct the First Two (2) Docket Entries on the Website in this Appeal to Correctly Reflect that on June 6, 2018, an Attorney Who Filed No Appearance of Counsel Filed in the [Initials] of a B.B.C. A) 'First Amended Notice of Appeal Filed in the Trial Court' ([s]ee Texas Rules of Appellate Procedure, Rule 25.1(g)) from the Incorrect Entry that He Filed in the Trial Court Per Texas Rule of Appellate Procedure an Original Notice of Appeal [that had been] Filed in the Trial Court,[] Pursuant to Texas Rules of Appellate Procedure, Rule 25.1." Finally, also on February 25, 2022, B.B.C. and R.D.W. jointly presented to the Court "Motions to Recall Mandates" in this appellate cause number, as well as appellate cause number 01-18-00311-CV.

As analyzed above, and as R.D.W. was advised in our March 12, 2019 order on his "Plea to the Jurisdiction" and "Motion to Withdraw Judgment and Dismiss Appeal for Want of Jurisdiction," this Court's plenary power expired on January 22, 2019. After the Court's plenary power expires, this Court has no jurisdiction to take any action on a case unless expressly authorized by the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 19.3(a)-(d). Notably, none of the permitted post-plenary power bases set forth in rule 19.3 apply here.

Absent plenary power, each of the above-described motions presented to the Court by R.D.W. must be **dismissed for lack of jurisdiction**.

It is so ORDERED.


Judge's signature: _____/s/ Amparo Guerra_____
              ☑ Acting individually    □ Acting for the Court

Date: ___March 3, 2022_____